CROSBY, administrator, *v.* LOVETT, administrator.

Where an administrator, who had an order authorizing him to farm the land of his intestate, bought mules with funds of the estate and later sold them at an administrator's sale on credit to insolvent purchasers, taking no security except a retention of title to the property, if a loss arose from such failure he was liable therefor.

(*a*) If subsequently the administrator died and an administrator de bonis non was appointed on the estate of his intestate and also an administrator on his estate, and the former took the notes containing a reservation of title, retook possession of the mules without legal proceedings, and resold them at administrator's sale, at which they brought less than the amount invested in their purchase and the amount which they brought at the first sale, the administrator of the first administrator was liable for the difference, the administrator de bonis non tendering back to him the notes, and nothing appearing to show that the second administrator's sale was not fairly conducted, or that the property did not bring a fair value thereat.

MAY 13, 1915.

Appeal. Before Judge Thomas. Berrien superior court. March 27, 1914.

*C. E. Parrish,* for plaintiff in error.

*W. D. Buie* and *Knight & Chastain,* contra.

LUMPKIN, J.  H. A. Crosby was appointed administrator of Thomas Hill, deceased. Having an order of the ordinary authorizing him to farm the land, he took $1,300 of the funds of the estate and bought five mules. Later he sold them at an administrator's sale to insolvent purchasers for the same price. The sales were made on credit, and the administrator took no security other than a reservation of the title to the property. Subsequently the administrator died, and an administrator was appointed for his estate. An administrator de bonis non was appointed for the estate of Hill. He received from the administrator of Crosby the notes reserving title to the mules, took possession of the mules without legal proceedings, and resold them at an administrator's sale. They brought $552 less than the $1,300 invested in them, and the amount for which they were originally sold. The administrator de bonis non of the estate of Hill cited the administrator of the original administrator for a settlement before the ordinary. An appeal was taken. The administrator de bonis non tendered back to the defendant the notes. In the superior court the presiding judge directed a verdict in favor of the plaintiff for $552. The defendant excepted.

No objection was made as to the form of the action, but the question raised was as to the liability of the administrator, who sold on a credit to insolvent purchasers mules which he had bought for and with funds of the estate, taking no security except a retention of the title to the property. Under the Civil Code (1910), § 4023, and the decision in *English* v. *Horn,* 102 *Ga.* 770 (29 S. E. 972), the administrator was liable for the loss thus occasioned. The substantial facts were not in dispute, and there was no error in directing a verdict for the plaintiff. The contentions of counsel for the plaintiff in error as to estoppel, laches, and the necessity for submitting the case to a jury were not well founded.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*